UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARC OLIN LEVY,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM,<br><br>  Defendant. | Case No.  5:14-cv-04073-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 23 |

On August 1, 2014, Plaintiff Marc Olin Levy ("Plaintiff") filed a Complaint in Santa Clara County Superior Court against Defendant State Farm, otherwise known as State Farm Mutual Automobile Company, after unsuccessfully applying for a sales position with the company. Plaintiff seeks $250,000,000 in damages for "pain, suffering, inconvenience, emotional distress, and loss of consortium" based on the allegation that he was disqualified as a job applicant due to his criminal record. State Farm removed the action to this court on September 8, 2014.

Federal jurisdiction arises under 28 U.S.C. § 1332. Presently before the court is State Farm's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). See Docket Item No. 23. Plaintiff did not file an opposition to the motion.

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for September 17, 2015, is VACATED. Having carefully considered all relevant materials, the court finds, concludes and orders as follows:

1.   Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as

a matter of law.'" <u>Chavez v. United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009)).  The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion.  <u>Id</u>.  Thus, a court must presume all facts alleged in the complaint as true, and determine whether the complaint demonstrates a plausible entitlement to a legal remedy.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule 12(b)(6)).

2.	Here, the minimal factual content alleged in the Complaint suggests that Plaintiff's employment discrimination claim may be based on an unidentified rule or regulation promulgated by the Financial Industry Regulatory Authority ("FINRA").[1]  <u>See</u> Compl., Docket Item No. 1 ("I immediately quoted FINRA law to her, saying that a candidate for a Financial Services company in the U.S. is still qualified for employment . . . if they have done less that [sic] one year in the county jail for a non-while collar crime.").  However, as State Farm argues and as this court has noted in another case brought by Plaintiff,[2] FINRA regulations do not provide for a private right of action.  <u>Fox v. Lifemark Sec. Corp.</u>, 12-CV-6650, 2015 U.S. Dist. LEXIS 2061, at *15 (W.D.N.Y Jan. 8, 2015) ("FINRA does not provide a private right of action, thus even if defendants violated FINRA rules, plaintiff cannot recover . . . ."); <u>Richman v. Goldman Sachs Group, Inc.</u>, 868 F. Supp. 2d 261, 275 (S.D.N.Y. 2012).  For this reason, Plaintiff cannot state a claim based on a violation of FINRA's rules or regulations.

3.	Similarly, Plaintiff cannot state a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, et seq., or the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, because job applicants with a criminal history do not constitute a protected class under either statutory scheme.  <u>See</u> <u>EEOC v. Fed. Express Corp.</u>, 558 F.3d 842, 849 (9th Cir. 2009) (explaining that Title VII "proscribes various

---

[1] "FINRA is a self-regulatory organization that has the authority to exercise comprehensive oversight over all securities firms that do business with the public." <u>Goldman, Sachs & Co. v. City of Reno</u>, 747 F.3d 733, 737 (9th Cir. 2014).

[2] <u>See</u> <u>Levy v. Northwestern Mutual Life Insurance Company</u>, No. 5:14-cv-04116-EJD (N.D. Cal. 2014).

employment practices involving discrimination on the basis of 'race, color, religion, sex, or national origin.'"); see also Cal. Gov't Code § 12940(a) (prohibiting discrimination based on "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status . . . ."). Plaintiff also failed to allege exhaustion of administrative remedies in the Complaint. See 42 U.S.C. § 2000e-5(b) (Title VII exhaustion requirement); see also Cal. Gov't Code § 12965(b) (FEHA exhaustion requirement). Indeed, exhaustion is a pre-condition to a claim under either section. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002); Basurto v. Imperial Irrigation Dist., 211 Cal. App. 4th 866, 879 (2012).

Based on the foregoing, the court concludes that Plaintiff cannot state an employment discrimination claim against State Farm as a matter of law. Thus, State Farm is entitled to judgment on the pleadings. Accordingly, its Rule 12(c) motion is GRANTED. Judgment will be entered in favor of State Farm and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 10, 2015



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:14-cv-04073-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS